# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GUERRERO-LEDESMA,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent. | CASE NO. 08-CV-1962 W<br>　　　　　08-CR-0792 W<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

On October 10, 2008, Petitioner Fernando Guerrero-Ledesma ("Petitioner"), a federal prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") seeking relief under 18 U.S.C. §3582 and 28 U.S.C. § 2255. (Doc. No. 22.[1]) On July 8, 2009, this Court denied Petitioner's request. (Doc. No. 28.) Petitioner has now filed a Notice of Appeal ("NOA") regarding that decision. (Doc. No. 29.) The Court construes the NOA as a request for a Certificate of Appealability ("COA"). For the reasons discussed below, the Court **DENIES** the COA.

## I.　BACKGROUND

On April 16, 2008, Petitioner entered into a Plea Agreement with Respondent United States of America ("Respondent" or "Government") regarding Petitioner's

---

[1] All docket references refer to Case No. 08-CR-0792.

1  arrest and charges for illegal entry into the United States. (Doc. No. 12 [hereinafter
2  "*Plea Agreement*"]. In exchange for certain Government concessions, Petitioner agreed
3  to waive any appeal or collateral attack of his conviction and sentence. (*Plea Agreement*
4  3–4.)

5  On April 28, 2008, consistent with the Government's recommendation and plea
6  agreement, the Court sentenced Petitioner to a term of forty-eight months: twenty-four
7  months in custody as to Count Two and Three to run consecutively, as well as six
8  months' custody as to Count One, to run concurrently with Counts Two and Three,
9  and one-year supervised release. (Doc. No. 21.) Petitioner does not claim that he made
10 any objections at the time of sentencing.

11 On October 10, 2008, Petitioner filed a motion to reduce his sentence under 28
12 U.S.C. § 2255 and 18 U.S.C. §3582. (Doc. No. 22.) On October 27, 2008, the Court
13 set a briefing schedule, giving the Government until January 22, 2009, to respond and
14 Petitioner until March 9, 2009, to file his traverse. (Doc. No. 23.) On January 22, 2009,
15 the Government filed their opposition. (Doc. No. 26.) And on February 27, 2009,
16 Petitioner filed his traverse. (Doc. No. 27.)

17 On July 8, 2009, this Court denied Petitioner's motion in its entirety. (Doc. No.
18 28.) On July 27, 2009, Petitioner filed his NOA. (Doc. No. 29.)

19

20 **II.    LEGAL STANDARD**

21 Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No.
22 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial
23 of a section 2254 habeas petition unless he obtains a COA from a district or circuit
24 judge. 28 U.S.C. § 2253 (c)(1)(A); see also United States v. Asrar, 116 F.3d 1268,
25 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue COAs
26 under the AEDPA).

27 In deciding whether to grant a COA, a court must either indicate the specific
28 issues supporting a certificate or state reasons why a certificate is not warranted. Asrar,

116 F.3d at 1270. A court may issue a COA only if the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court has elaborated on the meaning of this requirement:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy section 2253(c) is straightforward: *The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.*

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

### III. DISCUSSION

Petitioner argued that his sentence violates the Equal Protection clause, the Due Process clause and the "Equal Rights Act" because he, unlike a United States citizen, cannot take advantage of a drug program, a half- way house, or a job program. (Doc. No. 22 at 2.) Without commenting on the merits of the legal claims, this Court agreed with Respondent that Petitioner had waived his right to request the desired relief and denied the motion. (Doc. No. 28 at 3–4.)

Knowing and voluntary waivers of appellate rights in criminal cases are regularly enforced. United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000). If a waiver of appellate rights was knowing and voluntary, inquiry into the waiver's validity is at an end. Id.

Here, Petitioner waived both his right to appeal and right to collaterally attack his sentence. (*Plea Agreement* at 3.) Because the Court accepted the Plea Agreement's sentencing recommendation, this condition holds. Petitioner did not argue that his waiver was either not knowing or involuntary; to the contrary, Petitioner initialed each page of the Plea Agreement and signed his full name on the last page. Further, on April 16, 2008, at his Rule 11 colloquy with Magistrate Judge Lewis, Petitioner acknowledged that he signed the Plea Agreement, indicated that he understood the Agreement, and affirmed that he had enough time to talk to his attorney about the Agreement. (Doc. No. 26 at Exh 4: 13–16.)

This Court does not believe that reasonable jurists would find this assessment of the constitutional claims to be debatable or wrong, and thus, must deny the COA.

**A.    CONCLUSION AND ORDER**

In light of the foregoing, the Court **DENIES** the request for a Certificate of Appealability.

**IT IS SO ORDERED**

DATED: July 31, 2009

_____
Hon. Thomas J. Whelan
United States District Judge